UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CARLOS ALBERTO RODELO ECHAVEZ | CIVIL ACTION NO. 25-cv-1282 SEC P |
| VERSUS | JUDGE EDWARDS |
| TODD M LYONS ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

## MINUTES AND ORDER

A telephone status conference was held on September 8, 2025, starting at 2:30 p.m. and ending at 2:55 p.m.[1] Participating in the conference, along with the undersigned, were Jessica Dawgert,[2] counsel for Petitioner, and Shannon Smitherman and Kristen Bayard, counsel for Respondents. Jack Foster is the law clerk assigned to this case.

The purpose of the conference was to discuss the pending Motion for the Issuance of an Order to Show Cause, and Temporary Restraining Order or Preliminary Injunction filed by Petitioner.[3] The Court confirmed with counsel that Petitioner, a native and citizen of Colombia, has an order of removal and a withholding of removal to Colombia under the U.N. Convention Against Torture. The Court confirmed with counsel that Petitioner has been detained since August 4, 2025, for the purpose of enforcing his order of removal. Counsel for Respondents confirmed that the Government intends to remove Petitioner to a third country. At the time of the conference, it is unknown whether the third country has been identified.

---

[1] Statistical time: 30 minutes.
[2] Mark Wilson, law clerk for Ms. Dawgert, also attended the conference.
[3] Doc. 6.

The Court informed counsel that based on these limited facts, the Court finds that a temporary restraining order is appropriate for the reasons set forth in *Mahdejian v. Bradford,* No. 9:25-CV-00191, 2025 WL 2269796 (E.D. Tex. July 3, 2025). "The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief." *Id.* at *2 (citing *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Loc.No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974)). Here, Petitioner has shown a likelihood of success on the merits of his Fifth Amendment claim as "[n]oncitizens have a right to meaningful notice and opportunity to be heard before being deported to a third country." *Id.* at *4. The irreparable harm is clear: the violation of Petitioner's due process rights by failing to provide notice of the third country prior to removal. *See Mahdejian,* 2025 WL 2269796, at *3-4 (finding that without notice of the third country prior to removal, the Petitioner could be removed to a country where he would face "persecution, torture, and death.") Finally, the balance of harms and the public interest weigh in Petitioner's favor as this order will prevent the Government from removing the Petitioner without notice and the public has an interest in the Government complying with its own laws. *See Doe v. Noem,* 2:25-cv-00633-DGE, 2025 WL 1141279, at *9 (W.D. Wash. Apr. 17, 2025) ("The public has a vested interest in a federal government that follows its own regulations."). No security for the issuance of this order is required. *See Corrigan Dispatch Company v. Casa Guzman, S.A.* 569 F.2d 300, 303 (5th Cir. 1978).

The Respondents will file their response to the motion no later than **Friday, September 12, 2025.** Petitioner may file a reply no later than **Monday, September 15, 2025.**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Carlos Alberto Rodelo Echavez's Motion for the Issuance of an Order to Show Cause, and Temporary Restraining Order or Preliminary Injunction (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents are enjoined from transferring Petitioner out of the Western District of Louisiana.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner from the United States without notice and a meaningful opportunity to be heard regarding the third country to which the Government seeks his removal.

**IT IS FURTHER ORDERED** that the Respondents will file their response to the motion no later than **Friday, September 12, 2025.** Petitioner may file a reply no later than **Monday, September 15, 2025.**

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until September 22, 2025, unless terminated earlier by the Court.

Signed at Alexandria, Louisiana on this 8th day of September, 2025.

_____
JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE