UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CARLOS ALBERTO RODELO ECHAVEZ | CIVIL ACTION NO. 25-1282 |
| VERSUS | JUDGE EDWARDS |
| TODD M LYONS ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is a *Motion for Order to Show Cause and Motion for Temporary Restraining Order or Motion for Preliminary Injunction* (ECF No. 6) filed by Carlos Alberto Rodelo Echavez, the habeas petitioner in this case. The respondents—Todd Lyons, Stanley Crockett, and the Warden of the Jackson Parish Correctional Center—have filed a response (ECF No. 16). And the petitioner has filed a reply (ECF No. 17).

After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED IN PART**.

### I.   BACKGROUND

Carlos Alberto Rodelo Echavez ("Petitioner") is a Colombian national. *See* ECF No. 1. On February 4, 2025, an Immigration Judge ("IJ") ordered his removal from the United States but withheld the same under the Convention Against Torture ("CAT"). *See* ECF No. 16-2 at 5. On August 4, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") in Silver Spring, Maryland, *see* ECF No. 1 at 6, and transferred to Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains in ICE custody, *see id.* at 1.

1

On September 3, 2025, Petitioner filed the instant habeas Petition. *Id.* At the time, it was alleged that Respondents detained Petitioner "to attempt to find an unspecified third country that will accept him for removal," but had yet to provide Petitioner with any notice of the third country to which he would be removed. *See id.* at 9. On that basis *alone*, and following a telephone status conference, the Court issued a Temporary Restraining Order ("TRO") restraining Respondents "from removing Petitioner from the United States without notice and a meaningful opportunity to be heard regarding the third country to which the Government seeks his removal."[1] *See* ECF No. 11. This TRO was issued to maintain stasis while the parties fully briefed Petitioner's further entitlement to injunctive relief, and it ends by its own terms on September 22, 2025. *See id.* Since then, the parties have filed their briefs, *see* ECF Nos. 16 & 17, and there have been some important factual developments. Most notably, it emerged that Mexico was identified as the intended destination for Petitioner in early August. *See* ECF No. 14-1; *see also* ECF No. 16-3. In light of this development, Respondents contend that we should vacate our TRO and not issue any further relief. *See generally* ECF No. 16. Petitioner asserts that injunctive relief is still warranted. *See generally* ECF No. 17. We address their substantive arguments below.

---

[1] The Court did not base its TRO on Petitioner's alternative claims: (1) the alleged violation of the INA by detaining Petitioner after the six-month period of presumptive reasonableness for detention after a final order of removal, *see* ECF No. 6-1 at 3–4; or 2) the alleged violation of Petitioner's due process rights by detaining him at all, *see* ECF No. 6-1 at 5.

## II. LAW AND ANALYSIS

We begin with the relief Petitioner seeks: a TRO and a preliminary injunction. The decision of whether to grant or deny a TRO or preliminary injunction lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. *See Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction."). Against this backdrop, we find that Petitioner should be denied further injunctive relief, and likely, that this litigation should be dismissed without prejudice.

We reach this conclusion because "as an individual subject to a final order of removal who ICE plans to deport to a third country," *see* ECF No. 16 at 12, Petitioner is a member of the *D.V.D.* class. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F.Supp.3d 355, 392–393 (D. Mass. 2025). And neither party disputes Petitioner's class membership. *See* ECF No. 16 at 12; ECF No. 17 at 5. In the *D.V.D.* litigation, the class seeks the remedy currently before this Court: an injunction requiring Respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *See id.* at 386. So, this Court should butt out. *See Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) ("[E]quitable claims by members of the [*D.V.D.*] class, which are comparable to those claims litigated and under ongoing review and supervision of the court in the [*D.V.D*] class action, should not be maintainable as individual causes of action").

3

Furthermore, the Supreme Court stayed that relief in *D.V.D.,* aware that one of the plaintiffs, O.C.G., had been removed to Mexico and then deported back to Guatemala, where his removal had been withheld under CAT. *See U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting). So too is the fear here—that Petitioner will be removed to Mexico and then to Colombia despite his CAT withholding order. Aware of that threat, and aware that everyone in O.C.G.'s situation is a member of this non-opt-out class, the Supreme Court still stayed the injunction requiring the relief now sought here. *See D.V.D.*, 145 S. Ct. at 2153. Since this granting of a stay "constitutes a precedent that commands respect," *see N.I.H. v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part), this Court declines to double-exercise its discretion and provide backdoor relief for Petitioner individually. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere; *see also Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, ... the general principle is to avoid duplicative litigation.").

### III.  CONCLUSION

At bottom, entitlement to such extraordinary remedies as those provided under Rule 65, *see Albright*, 46 F.Supp.2d at 532, must be "unequivocally show[n]," *Suburban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025). The present scenario is too equivocal; accordingly,

4

**IT IS ORDERED** that the Motion for Injunctive Relief (ECF No. 6) is **DENIED IN PART**, insofar as it seeks emergency injunctive relief generally, and insofar as it relates to Petitioner's claims regarding third country removal. The existing TRO presently in effect will not be extended.

**IT IS FURTHER ORDERED** that the remaining claims asserted by Petitioner, including Petitioner's claims for a preliminary injunction arising out of his detention generally, *see* ECF No. 6-1 at 3–5, are **REFERRED** to Magistrate Judge McClusky for disposition by report and recommendation.

**THUS DONE AND SIGNED** this 22nd day of September, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**