UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

CARLOS ALBERTO RODELO ECHAVEZ          CIV. ACTION NO. 3:25-01282 SEC P

VERSUS                                                    JUDGE JERRY EDWARDS, JR.

TODD M. LYONS, ET AL.                          MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a renewed motion for issuance of a show cause order [doc. # 19] filed by Petitioner, Carlos Alberto Rodelo Echavez.  The motion is opposed.  [doc. # 21].  For reasons assigned below, IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART.[1]

## Background

On September 3, 2025, Petitioner Carlos Alberto Rodelo Echavez ("Rodelo") filed the instant petition for writ of habeas corpus against Todd Lyons, Acting Director of the Immigration and Customs Enforcement ("ICE"); Stanley Crockett, Field Office Director of the ICE New Orleans Field Office; and the unnamed Warden of the Jackson Parish Correctional Center, in his official capacity, where Petitioner is housed presently (collectively, "Respondents").  (Petition [doc. # 1]).  Rodelo seeks, *inter alia*,  a writ ordering his immediate release on the basis that his immigration detention violates the Immigration and Nationality Act and his substantive and procedural due process rights.  *Id*.

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any objection/appeal must be made to the district judge in accordance with Rule 72(a) of the Federal Rules of Civil Procedure.

On September 5, 2025, Petitioner filed a motion for issuance of a show cause order, plus a temporary restraining order or preliminary injunction. [doc. # 6].

On September 8, 2025, the District Court held a telephone conference with counsel for the parties, during which, the Court advised counsel that it had determined that a temporary restraining order was appropriate. (Minutes and Order [doc. # 11]). Accordingly, the District Court granted Petitioner's motion [doc. # 6]; enjoined Respondents from transferring Rodelo out of this District or country, without notice and a meaningful opportunity to be heard. *Id*. The TRO was to remain in effect until September 22, 2025, unless terminated earlier. *Id*. In addition, the District Court set briefing deadlines for Rodelo's motion. *Id*.

Following additional briefing by the parties, the District Court entered an order on September 22, 2025 that denied, in part, Rodelo's motion for injunctive relief, insofar as it sought emergency relief, generally, and as to his claims regarding third country removal. (Mem. Order [doc. # 18]). The District Court also declined to extend the previously issued TRO. *Id*. Finally, the District Court referred Rodelo's remaining claims, including his claim for preliminary injunction arising out of his detention, to the undersigned for report and recommendation. *Id*.

On September 25, 2025, Rodelo filed the instant, renewed motion for issuance of a show cause order requiring Respondents to file a "return" or response to his claims within three days pursuant to 28 U.S.C. § 2243.

On September 26, 2025, Respondents filed their opposition to Rodelo's motion. (Gov.'t Opp. [doc. # 21]). Respondents observed that, generally, federal respondents receive sixty days to respond to a habeas petition. *Id*. They further emphasized that Rodelo's custody has not exceeded the six-month period that is considered presumptively reasonable under *Zadvydas v.*

2

*Davis*, 533 U.S. 678 (2001).  Moreover, they emphasized that Rodelo still had not properly served them with the habeas petition.  *Id*.  Consequently, any deadline should run from the date that service is perfected.  *Id*.  Ultimately, Respondents asked the Court to set a reasonable deadline to submit their response.  *Id*.

### Analysis

In his motion, Rodelo invoked 28 U.S.C. § 2243, which provides, in pertinent part, that,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention . . .

28 U.S.C. § 2243.

Other divisions in this District have recognized that § 2243's three-day time limit is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which apply to petitions filed under § 2241.  *Zarefard v. Noem*, Civ. Action No. 25-0895, 2025 WL 1805864, at *2 (W.D. La. June 30, 2025); *Maniar v. Warden Pine Prairie Corr. Ctr.*, Civ. Action No. 18-0544, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018) (citations omitted).  Pursuant to Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *Zarefard*, 2025 WL 1805864, at *2 (quoted source omitted).  Before requiring a response or conducting a hearing, respondents are entitled to receive proper service of the petition and an opportunity to conduct a review and investigation of all available evidence.  *Id*.

3

Upon consideration, the Court will grant Rodelo's motion, insofar as he seeks an order requiring Respondents to file a "return," answer, or, if warranted, dispositive motion. However, the Court will accord Respondents 45 days to file same, to run from the date that Rodelo properly serves them.

**Conclusion**

For the foregoing reasons,

IT IS ORDERED that Rodelo's motion for issuance of an order to show cause [doc. # 19] is GRANTED IN PART, insofar as he seeks a deadline for Respondents to file a response to his petition. In this regard,

IT IS ORDERED that Respondents shall file their "return," answer, or, if warranted, dispositive motion, within 45 days after they are properly served with the Petition.

IT IS FURTHER ORDERED that Rodelo's motion [doc. 19] otherwise is DENIED.

In Chambers, at Monroe, Louisiana, on this 26th day of September, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE