UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CARLOS ALBERTO RODELO ECHAVEZ          CIVIL ACTION NO. 25-1282

                                       SECTION P

VS.

                                       JUDGE JERRY EDWARDS, JR.

TODD M. LYONS, ET AL.                   MAG. JUDGE KAYLA D. MCCLUSKY

MEMORANDUM ORDER

Petitioner Carlos Alberto Rodelo Echavez, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who petitions for a writ of habeas corpus under 28 U.S.C. § 2241, moves for a temporary restraining or preliminary injunction, seeking release from custody. [doc. # 6]. On December 8, 2025, the undersigned issued a Report and Recommendation [doc. #30].

However, the Government's motion to strike exhibits [doc. #24] remains pending. For the following reasons, the motion is DENIED.

The undersigned will not recount the background and facts that are stated fully in the Report and Recommendation, but they are incorporated by reference herein.

The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The decision to grant a motion to strike is within the court's discretion. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.), aff'd on other grounds, 277 Fed. App'x. 483 (5th Cir. 2008). Motions to strike a portion of a pleading are generally viewed with disfavor and are seldom granted because these motions seek a "drastic remedy" and are often "sought by the movant simply as a dilatory tactic." *FDIC v. Niblo*, 821 F.Supp. 441, 449 (N.D. Tex. 1993)

(Cummings, J.) (citing *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962) (citation omitted); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D. Tex. 2007) (Ramirez, J.) (stating that Rule 12(f) motions "are viewed with disfavor" and should be granted "only when the pleading to be stricken has no possible relation to the controversy." (citations omitted)), rec. adopted, 500 F.Supp.2d 618 (N.D. Tex. 2007) (Lynn, J.).

In the instant motion, the Government moves to strike Exhibits A and B to the Petition, which include testimony and argument from proceedings from other courts  that it characterizes as "completely unrelated to Petitioner's detention or lawsuit." [doc. #24, p. 1].  Exhibit A is [doc. #1-1] is a 173-page hearing transcript that includes testimony from the Interim Assistant Director for DHS Enforcement and Removal Operations, Field Operations in *Kilmar Armando Abrego Garcia v. Noel et al.*, dkt. 8:25-cv-00951-PX (D. Md.).  Exhibit B [doc. #1-2] is a 66-page transcript of argument of counsel before the United States Supreme Court in *Riley v. Bondi*, 23-1270, March 24, 2025.  The Government argues that these two exhibits are immaterial and impertinent to the Petition for Writ of Habeas Corpus because they do not contain facts relating to Petitioner's detention and do not include factual scenarios comparable to those that at issue in this case. Further, the Government argues that both exhibits are immaterial to Petitioner's claim as it has been established that notice of the third country to which he is to be removed was provided to Petitioner after he was taken into ICE custody.  Once the Government gave Petitioner notice of the third country to which he will be removed Petitioner's argument was

2

mooted, and  any "evidence" submitted in support of it has no bearing on Petitioner's case. [Doc. 24-1, p. 3].

Petitioner responds.  With respect to Exhibit A [doc. #1-1], Petitioner explains that he "was granted withholding of removal to his native Colombia and therefore may only be removed to a third country. Exhibit A includes an admission by the government at an evidentiary hearing in the District of Maryland that it does not even begin looking for a third country for removal until a noncitizen is detained." [doc. #27, p. 2].  The efforts the Government has undertaken (or not undertaken) to identify a third country for Petitioner's removal "bears directly on the central issue in this case—whether there is a significant likelihood of his removal in the reasonably foreseeable future."  *Id.*  With respect to Exhibit B [doc. #1-2], Petitioner contends that he cited it for the "proposition that the [G]overnment has conceded before the Supreme Court that a noncitizen must be provided notice of a third country of removal and an opportunity to raise a reasonable fear of torture or persecution in that third country." [doc. #27, p. 3.  He argues that the Government's admission before the Supreme Court is "relevant to the instant petition where the government has denied Mr. Rodelo the very process it conceded was constitutionally required."  *Id.*  Finally, Petitioner points out that the Government does not demonstrate any prejudice by the inclusion of these exhibits in the record when they are nothing more than the Government's own statements in judicial proceedings.  *Id.* (citing *Hutchinson v. Reed*, 2025 WL 1126557, at *3 (W.D. La. Apr. 16, 2025) ("A motion to strike requires the moving party to make a showing of prejudice before it is granted.")

Having considered the parties' arguments, the undersigned finds that Exhibits A and B are at least minimally relevant and are neither redundant nor scandalous. Further, the Court has made no finding on the issue of mootness and no findings of fact on whether the Government

made the stated notice.  The Court will not decide these issues via a motion to strike, but those arguments are preserved and remain available to the Government.

Accordingly, IT IS ORDERED that the motion to strike exhibits is DENIED.

In Chambers, Monroe, Louisiana, this 12TH day of December, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge