UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CARLOS ALBERTO RODELO ECHAVEZ** | **CIVIL ACTION NO. 25-1282** |
| VS. | **SECTION P** |
| | **JUDGE JERRY EDWARDS, JR.** |
| **TODD M. LYONS, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Carlos Alberto Rodelo Echavez, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[1] [doc. # 1]. For reasons that follow, the Court should dismiss this petition.

### Background

Petitioner is a Colombian national. On February 4, 2025, an immigration judge (i) ordered Petitioner removed from the United States but (ii) withheld removal "pursuant to a grant of protection under the Convention Against Torture" ("CAT"). [doc. # 1, p. 1]. ICE arrested Petitioner on August 4, 2025. *Id.* at 6.

Petitioner filed this habeas corpus proceeding on September 3, 2025. He first claims that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), there is no significant likelihood of his removal in the reasonably foreseeable future, "rendering his continued detention a violation of the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[doc. # 1, pp. 2, 6].  He next claims that his detention "serves no legitimate purpose [and therefore] amounts to punishment in violation of the Fifth Amendment." *Id.* at 8.

For his third count, Petitioner alleges that Respondents detained him "to attempt to find an unspecified third country that will accept him for removal," but had yet to provide him with any notice of the third country to which he would be removed.  [doc. # 1, p. 9].  Since then, however, DHS identified Mexico as the intended destination for Petitioner.

Petitioner moved for a temporary restraining order or preliminary injunction on September 5, 2025.  [doc. # 6].  On September 22, 2025, District Judge Jerry Edwards, Jr., denied the motion in part "insofar as it relates to Petitioner's claims regarding third country removal."  [doc. # 18, p. 5].  Specifically, the District Judge rejected Petitioner's claim that the Government violated his procedural due process rights by failing to provide notice of the country "to which it will seek to remove him" and failing to provide him an opportunity to "seek protection from such a removal."  [doc. #s 6-1, p. 6; 18, pp. 3, 5].  The District Judge concluded that Petitioner is not entitled to injunctive relief, "and likely, that this litigation should be dismissed without prejudice."  [doc. # 18, p. 3].  The District Judge referred Petitioner's remaining claims/grounds for a temporary restraining order or preliminary injunction to the undersigned.  *Id.* at 5.

On December 8, 2025, the undersigned issued a Report and Recommendation, recommending that the Court deny Petitioner's motion for temporary or preliminary relief because (i) Petitioner's due process claim under *Zadvydas* was premature and (ii) Petitioner's remaining claim was meritless and unsupported.  [doc. # 30].

2

On January 2, 2026, the District Judge referred "this matter . . . to the Magistrate Judge for further consideration and consolidation with a recommendation on the merits of the habeas petition." [doc. # 37].

## Law and Analysis

### I. Jurisdiction

Respondents argue: "At the outset, to the extent Petitioner seeks a stay of his removal from the United States, this Court lacks jurisdiction under 8 U.S.C. § 1252(g) to 'hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien.'" [doc. # 25]. The undersigned agrees.

The Court lacks jurisdiction to enjoin Respondents from removing Petitioner while this proceeding is pending. Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) ("The relief sought by Idokogi in the district court is connected 'directly and immediately' with the Attorney General's decision to commence removal proceedings against him. The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal.") (quoting *Humphries v. Various Federal USINS Employees,* 164 F.3d 936, 943 (5th Cir.1999)); *see generally Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999).

Accordingly, the Court should deny Petitioner's request to stay his removal from the United States.

3

**II. Procedural Due Process**

As above, Petitioner alleges that Respondents violated his right to procedural due process by failing to provide him with any notice of the third country to which he would be removed and failing to provide him an opportunity to seek protection from such removal to a third country. [doc. # 1, p. 9]. Thereafter, DHS identified Mexico as the intended destination for Petitioner. Petitioner maintains, however, that he has not received an opportunity to seek protection from removal to Mexico.

The undersigned finds that, while the District Judge denied this claim with respect to Petitioner's motion for temporary restraining order or preliminary injunction, the District Judge's reasoning applies equally to the final merits of the same claim in the underlying petition. Noting that this claim should likely be dismissed without prejudice, the District Judge opined:

> We reach this conclusion because "as an individual subject to a final order of removal who ICE plans to deport to a third country," *see* ECF No. 16 at 12, Petitioner is a member of the D.V.D. class. *See D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F.Supp.3d 355, 392–393 (D. Mass. 2025). And neither party disputes Petitioner's class membership. *See* ECF No. 16 at 12; ECF No. 17 at 5. In the *D.V.D.* litigation, the class seeks the remedy currently before this Court: an injunction requiring Respondents "to provide meaningful notice and opportunity to present a fear-based claim before executing removal to a third country." *See id.* at 386. So, this Court should butt out. *See Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985) ("[E]quitable claims by members of the [D.V.D.] class, which are comparable to those claims litigated and under ongoing review and supervision of the court in the [D.V.D] class action, should not be maintainable as individual causes of action").
>
> Furthermore, the Supreme Court stayed that relief in *D.V.D.*, aware that one of the plaintiffs, O.C.G., had been removed to Mexico and then deported back to Guatemala, where his removal had been withheld under CAT. *See U.S. Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153, 2154 (2025) (Sotomayor, J., dissenting). So too is the fear here—that Petitioner will be removed to Mexico and then to Colombia despite his CAT withholding order. Aware of that threat, and aware that everyone in O.C.G.'s situation is a member of this non-opt-out class, the Supreme Court still stayed the injunction requiring the relief now sought here. *See D.V.D.*, 145 S. Ct. at 2153. Since this granting of a stay "constitutes a precedent that commands respect," *see N.I.H. v. Am. Pub. Health*

4

*Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part and dissenting in part), this Court declines to double-exercise its discretion and provide backdoor relief for Petitioner individually. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 729 (5th Cir. 1985) ("[A] court may ... in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere; *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, ... the general principle is to avoid duplicative litigation.").

[doc. # 18, pp. 3-5].

Accordingly, the undersigned recommends that the Court dismiss this claim without prejudice.

### III. *Zadvydas* Claim

In *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's claim under *Zadvydas*, however, is premature because he has not been detained more than six months. He was taken into ICE custody on August 4, 2025. To date, six months have not elapsed.

The relevant 6-month period did *not* begin on February 4, 2025, when Petitioner was ordered removed because Petitioner was not detained then. He was first detained in August 2025. In *Zadvydas*, the Court stated that Congress "doubted the constitutionality of *detention* for more than six months." *Id* (emphases added). The Court added that this 6-month period of detention is the "recognize[d]" period. *Id.* As Petitioner observes in his motion, the temporal

5

limitation is relevant to "post-removal-period detention . . . ." [doc. # 6-1, p. 3]; *see Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), *cert. denied*, 544 U.S. 1066 (2005); *Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011).

Accordingly, the Court should dismiss this claim without prejudice.

**IV. Punitive Detention**

Petitioner argues, "Civil detention that is punitive violates due process." [doc. # 1, p. 7]. He maintains that "ICE's civil detention of [him] serves no legitimate purpose [and] amounts to punishment in violation of the Fifth Amendment." He cites *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988), for the proposition that civil "detention becomes constitutionally impermissible punishment if it is not reasonably related to a legitimate nonpunitive governmental objective such that an intent to punish may be inferred." [doc. # 1, p. 7 (internal quotation marks and sources omitted)]. *Martin*, however, is inapposite. It was a proceeding under 42 U.S.C. § 1983, and it actually stated: "To establish that a particular condition or restriction of his confinement is constitutionally impermissible 'punishment,' the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Martin*,

6

849 F.2d at 870.  Petitioner is not a pre-trial detainee, he does not seek relief under Section 1983, and he does not present a conditions-of-confinement claim.

Petitioner also cites *Bell v. Wolfish*, 441 U.S. 520 (1979), for the same proposition.  [doc. # 1, p. 7].  *Bell*, however, is likewise inapposite because it concerned a class action challenging conditions of confinement at a correctional center.  *Bell*, 441 U.S. at 520.

Petitioner cites *Maniar v. Warden Pine Prairie Corr. Ctr.*, No. 6:18-CV-00544, 2018 WL 11544220, at *4 (W.D. La. July 11, 2018), for the proposition that "Civil detention that is punitive violates due process."  [doc. # 1, p. 7].  *Maniar*, however, actually states, "the Fifth Circuit has held that [d]etention in a particular case might become excessively prolonged, and therefore punitive in relation to Congress' regulatory goal [of preventing danger to the community]." *Maniar*, 2018 WL 11544220 (internal quotation marks and quoted sources omitted).  Here, Petitioner does not claim that under the Fifth Amendment, his detention has "become excessively prolonged" and is therefore punitive.

Petitioner goes on to invoke *Zadvydas* again, writing, "*Zadvydas* recognized two interests potentially served by civil immigration detention: ensuring the appearance of noncitizens at future immigration proceedings and preventing danger to the community. [] Mr. Rodelo's detention serves neither interest."  [doc. # 1, p. 85].  The *Zadvydas* opinion, however, actually states: "The statute, says the Government, has two regulatory goals: 'ensuring the appearance of aliens at future immigration proceedings' and '[p]reventing danger to the community.'"  *Zadvydas*, 533 U.S. at 690.  Thus, Petitioner merely relies on the Government's argument in

*Zadvydas*. At best, Petitioner references dicta from the opinion. The Court must rely on the actual ruling from *Zadvydas* as set forth above.[2]

Accordingly, the Court should deny this unsupported claim and dismiss it with prejudice.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that the Court **DENY** Petitioner Carlos Alberto Rodelo Echavez's request to stay his removal from the United States of America.

**IT IS FURTHER RECOMMENDED** that Petitioner's procedural due process claim be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's claim under *Zadvydas v. Davis* be **DISMISSED WITHOUT PREJUDICE** to his right to re-file the claim should his confinement become unconstitutional.

**IT IS FURTHER RECOMMENDED** that Petitioner's claim that his civil detention is punitive be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[2] Petitioner goes on to conflate and blend his traditional *Zadvydas* claim with his instant claim concerning punitive confinement. [doc. #s 1, p. 7; 6-1, p. 5].

8

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 9th day of January, 2026.

                                                  Kayla Dye McClusky
                                                  United States Magistrate Judge